UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JASMINE CASTRILLO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SAVVY SMART ECOMM LTD,

Defendant.

Case No.: 26-CV-2994 JLS (MSB)

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT; (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT; AND (3) VACATING CLERK'S ENTRY OF DEFAULT**

(ECF Nos. 9, 6, 5)

Presently before the Court are Defendant Savvy Smart LTD's ("Savvy") Motion to Set Aside Default ("Mot.," ECF No. 9) and Plaintiff Jasmine Castrillo's Notice of Non-Opposition (ECF No. 11). Also before the Court is Plaintiff's Motion for Default Judgment (ECF No. 6). The Court vacated the hearing on these matters and took them under submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 10. Having carefully considered the Parties' arguments and evidence, Plaintiff's Complaint ("Compl.," ECF No. 1), and the law, the Court **GRANTS** Defendant's Motion to Set Aside, **DENIES AS MOOT** Plaintiff's Motion for Default Judgment, and **VACATES** the Clerk's Entry of Default, for the reasons set forth below.

## BACKGROUND

Plaintiff alleges that Defendant, a marketing company, uses deceptive spam email to direct recipients to Defendant's website. Compl. at 2. Plaintiff claims Defendant's emails purport to be from the Department of Veterans Affairs and direct recipients to Defendant's website which uses tracking pixels to collect real-time user behavior data. *Id.* at 7. Plaintiff filed this action on May 13, 2026, bringing claims for (1) violations of the California Business and Professions Code § 17529.5; (2) violations of the California Trap and Trace Law; and (3) intrusion upon seclusion. *Id.* at 10–12.

Plaintiff filed proof of service indicating that Defendant was served through their authorized agent. ECF No. 3. Specifically, a process server named Pascal Kuvalakis declared that he served the summons on Dianne Cooper, an authorized agent for Savvy through United States Corporation Agents, Inc. ("USCA"), on June 8, 2026. *Id.* Plaintiff then requested, and received, an entry of clerk default because Defendant had not responded. ECF Nos. 4, 5.

However, on September 8, 2026, Savvy filed its Motion to Set Aside Default. ECF No. 9. Therein, Savvy argues that, at the time of service, "USCA's statutory authority to act as Savvy's Delaware registered agent had ended." Mot. at 2. Therefore, the service of process was insufficient and the Court lacked personal jurisdiction over Savvy. *Id.* at 4–7. Plaintiff filed a notice of non-opposition, indicating that, although Plaintiff maintains the service on June 8, 2026, was sufficient, "Plaintiff has re-served Defendant . . . as of September 17, 2026." Notice of Non-Opposition, ECF No. 11, at 1; *see also* ECF No. 12.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." Courts have broad discretion in deciding whether to vacate an entry of default. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986); *Ricotta v. State of Cal.*, 4 F. Supp. 2d 961, 988 (S.D. Cal. 1998), aff'd 173 F.3d 861 (9th Cir. 1999).

/ / /

"A court may set aside an entry of default as void where the defendant demonstrates defects in service of process." *Procopio v. Conrad Prebys Tr.*, No. 14cv1651 AJB (KSC), 2015 WL 4662407, at *7 (S.D. Cal. Aug. 6, 2015) (citing *SEC v. Internet Sols. for Bus., Inc.*, 509 F.3d 1161, 1165–66 (9th Cir.2007) and *Hupp v. San Diego Cnty. Dist. Atty.*, No. 12CV492, 2012 WL 2887229, at *2 (S.D. Cal. July 12, 2012)). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citations omitted).

Absent defective service, it is the defendant's burden to establish that good cause exists to vacate the entry of default. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 149 (2001). The Ninth Circuit has held that "[t]he 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (citing *TCI Grp.*, 244 F.3d at 696). Thus, in assessing good cause, the district court considers three factors:

> (1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the plaintiff]. As these factors are disjunctive, the district court [is] free to deny the motion "if any of the three factors [is] true."

*Id.* (quoting *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1008 (9th Cir. 2000); *see also In re Hammer*, 940 F.2d 524, 525–26 (9th Cir. 1991) (citing *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987)).

The court "should apply the factors more liberally" when assessing a motion to set aside an entry of default rather than a motion to set aside default judgment. *Page v. Banks*, No. 07cv2254 JM(BLM), 2008 WL 2037763, at *2 (S.D. Cal. May 12, 2008) (citing *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986)). Ultimately, there is a strong preference for deciding cases on their merits, and therefore any doubts should be

resolved in favor of setting aside the default. *Direct Mail Specialists Inc. v. Eclat Computerized Techs.*, 840 F.2d 685, 690 (9th Cir. 1988).

**ANALYSIS**

Defendant contends that good cause exists to set aside the Clerk's Entry of Default because Plaintiff failed to properly serve Defendant before seeking default and each of the relevant "good cause" factors are satisfied. *See* Mot. at 2, 9. The Court is perplexed by this argument given Defendant's explicit reference to the statutory grace period after the resignation of a registered agent. *See* Mot. at 3–4 ("[A] registered agent's resignation without appointment of a successor does not become effective until 30 days after the certificate is filed. . . . Plaintiff's attempted service on June 8, 2026, occurred . . . 20 days before the expiration of that statutory period."); Del. Code tit. 8, §136 (a). However, the Court does not reach the question of service of process since there is good cause to set aside the default.

First, Defendant's conduct was not culpable. "'[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer.'" *TCI Grp.*, 244 F.3d at 697 (emphasis in original) (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under [the Ninth Circuit's] default cases." *Id.* The Court finds that Defendant did not act culpably when the summons and complaint were delivered to a third-party company that had resigned as Defendant's authorized agent. Regardless of the legal effect of the statutory period, this provides an explanation for why no timely response was filed.

Second, Defendant has adequately alleged a meritorious defense. Defendant's burden to prove a meritorious defense is "not extraordinarily heavy." *RingCentral, Inc. v. Quimby*, 781 F. Supp. 2d 1007, 1012 (N.D. Cal. 2011) (quoting *TCI Grp.*, 244 F.3d at 700). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient

facts that, if true, would constitute a defense." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) (quoting *TCI Grp.*, 244 F.3d at 700). "'[T]he question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default"; "[r]ather, that question 'would be the subject of the later litigation.'" *Id.* (quoting *TCI Grp.*, 244 F.3d at 700).

Here, Defendant asserts that this Court lacks personal jurisdiction over it and challenges insufficient service. Mot. at 9. Although Plaintiff argues the service was sufficient, Defendant does not have to prove a winning defense. Defendant's allegations are sufficient to satisfy the low threshold of establishing a potentially meritorious defense for purposes of the present Motion to Set Aside. *See, e.g.*, *AMA Multimedia, LLC v. Madon*, No. 217CV03037GMNEJY, 2020 WL 5096476, at *6 (D. Nev. Aug. 28, 2020) (finding asserted lack of personal jurisdiction adequate for meritorious defense factor). Accordingly, this factor, too, weighs in favor of setting aside the Clerk's Entry of Default.

Finally, there is no prejudice to Plaintiff. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *TCI Grp.*, 244 F.3d at 701 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). There is no indication that Plaintiff would be prejudiced here. Indeed, Plaintiff has filed a Notice of Non-Opposition. ECF No. 11. Accordingly, the Court finds the third factor supports granting the Motion to Set Aside.

"'The law does not favor defaults; therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party.'" *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995) (citation omitted). Because Defendant has adequately demonstrated good cause to set aside the entry of default and in light of the "strong preference for deciding cases on their merits," *Direct Mail Specialists, Inc.*, 840 F.2d at 690, the Court **GRANTS** Defendant's Motion to Set Aside Default. Because the Court finds it appropriate to grant Defendant's Motion to Set Aside, the Court **DENIES AS MOOT** Plaintiff's Motion for Default Judgment.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Set Aside Default (ECF No. 9), **DENIES AS MOOT** Plaintiff's Motion for Default Judgment (ECF No. 6), and **VACATES** the Clerk's Entry of Default (ECF No. 5). Defendant **SHALL RESPOND** to Plaintiff's Complaint on or before October 30, 2026.

**IT IS SO ORDERED.**

Dated: October 1, 2026

Hon. Janis L. Sammartino
United States District Judge